UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22179-RAR

**TIMOTHY WOODS,**

    Plaintiff,

v.

**DAVID H. CHARLIP,**

    Defendant.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Complaint filed on June 13, 2023. *See* Compl., [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915 ("IFP Application"), [ECF No. 3], and a Motion for Referral to Volunteer Attorney Program ("Referral Motion"), [ECF No. 4]. Upon screening this Complaint and reviewing the applicable law, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted, is frivolous in nature, and does not sufficiently allege subject-matter jurisdiction. Accordingly, Plaintiff's Complaint is **DISMISSED** *without prejudice*.

## LEGAL STANDARD

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(e)(2); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999))). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court

must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. *Id.* "A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). But despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). And to state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (explaining courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Here, Plaintiff appears to bring a lawsuit against his former attorney, Mr. David H. Charlip, alleging ineffective assistance of counsel. Compl. at 4. The Complaint states that Plaintiff tripped and fell on "a broken piece of the City of Miami['s] sidewalk," "[b]adly injur[ed] [his] knee," and "had major surgery" on his knee. *Id.* at 6. Plaintiff alleges that his attorney "stated that he filed the notice to the court on time to sue the City of Miami for [his] trip and fall case." *Id.* However, Plaintiff states that "he did not file notice to the Court!" *Id.* at 4.

Plaintiff further alleges that his attorney told him to "first . . . sue [the] Marathon gas station . . . [t]hen . . . sue the City of Miami for the $2000,000 [sic] cap the City of Miami can paid [sic] out." *Id.* However, the Complaint then states, "[i]neffective assistance of counsel is what my Attorney, Mr. David H. Charlip is!" *Id.* The Complaint further alleges that Plaintiff's attorney "do[es] not have malpractice insurance he is negligence or incompetence [sic] on the part of a professional!" *Id.* at 6. Plaintiff claims his attorney owes him $200,000 and additionally seeks $4 million "for mental and emotionally [sic] distress, pain and suffering[.]" *Id.* at 4.

These allegations fail to assert an actionable claim and warrant dismissal on numerous grounds. *First*, Plaintiff does not allege any plausible claims for relief against Defendant. Ineffective assistance of counsel in a civil lawsuit is not a cause of action. *See Hawley v. Bd. of Regents of Univ. Sys. of Ga.*, No. 1:05-MI-346, 2005 WL 8155734, at *1 (N.D. Ga. Nov. 18, 2005) ("[T]here is no federal cause of action in a civil case for ineffective assistance of counsel."). And while Plaintiff alleges that his attorney does not have malpractice insurance and was negligent, the Complaint does not state a cause of action for malpractice *or* negligence. While courts are required to look past labels and focus on the "content and substance of the allegations" when reviewing *pro se* complaints, here, there is insufficient content to approximate a valid claim. *See Torres*, 734 F. App'x at 691. There are no counts in the Complaint and no facts presented in support of any

particular cause of action.  In other words, the Court cannot discern a legally cognizable claim from the allegations contained in the Complaint.

*Second*, this Complaint is frivolous on its face.  A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." *Napier*, 314 F.3d at 531. The only facts asserted are that Plaintiff tripped and fell on a city sidewalk; an attorney advised Plaintiff on how to proceed with a lawsuit; and the attorney purportedly did not file a legally required notice.[1]  Compl. at 6.  These facts do not support any claim for relief.  Likewise, the legal allegations of ineffective assistance of counsel, malpractice, and negligence are without arguable merit because they are terms tossed into the narrative without any support or explanation.  The Court cannot act as Plaintiff's attorney to piece together what Plaintiff intends to allege by these terms.  *Fils*, 647 F.3d at 1284.

*Third*, Plaintiff indicates that the basis for federal jurisdiction is that this case raises a federal question, but the Complaint does not provide any federal statute, treaty, or provision of the U.S. Constitution to support this allegation.  *See generally* Compl.  At the end of the Complaint, Plaintiff cites "Strickland v. Washington, 1984 466 U.S. 688 [sic]."  Compl. at 6.  However, federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution" and which have been entrusted to them by a jurisdictional grant authorized by Congress.  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Plaintiff's

---

[1]  While entirely unclear, the Court presupposes Plaintiff may be referring to the statutory notice requirements set forth in section 768.28(6)(a) of the Florida Statutes.  *See* Fla. Stat. § 768.28(6)(A) ("An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and . . . to the Department of Financial Services, within 3 years after such claim accrues . . . ."); *see also Aitcheson v. Fla. Dep't of Highway Safety & Motor Vehicles*, 117 So. 3d 854, 856–57 (Fla. 4th DCA 2013) (explaining notice requirements under 768.28(6)(a) are "conditions precedent" to maintaining an action); *Thornton v. Chronister*, 309 F. Supp. 3d 1196, 1201–02 (M.D. Fla. 2018) (same).

citation to *Strickland*, a seminal case that established the standard for ineffective assistance claims in criminal proceedings, does not provide a basis for federal jurisdiction in a civil case and is simply inapposite. This Court is therefore without federal question jurisdiction. *Id.* at 410. And because Plaintiff alleges he and Defendant are both citizens of Florida, diversity jurisdiction similarly does not exist over this case. Compl. at 3. Accordingly, the Court is powerless to continue.

## CONCLUSION

Although ordinarily this Court would grant a *pro se* litigant at least one opportunity to amend his complaint before dismissal, the Court finds that an amendment would be futile in this case because the Complaint is frivolous, does not even approximate an actionable claim, and the Court lacks jurisdiction. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a *pro se* litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."); *see also Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming *sua sponte* dismissal without leave to amend of a frivolous complaint).

Accordingly, based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Complaint, [ECF No. 1], is **DISMISSED** *without prejudice*. Plaintiff's IFP Application, [ECF No. 3], and Referral Motion, [ECF No. 4], are **DENIED as moot**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 21st day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**